# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

MICHAEL GRAY                                                                    PLAINTIFF

v.                          3:17CV00121-DPM-JJV

K. BOWERS, Administrator,
Craighead County Detention Center; *et al.*                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Michael Gray ("Plaintiff") is incarcerated at the Craighead County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 5.) He alleges he was accused and found guilty of a theft of commissary items which he did not commit, for which he spent twenty days on lockdown. (Doc. No. 5 at 4.) He seeks monetary damages. (*Id*. at 5.) I previously cautioned Plaintiff that his original Complaint failed to state a viable claim, as it did not contain any allegation of retaliation. (Doc. No. 4.) I offered Plaintiff an opportunity to file a superseding Amended Complaint, and he has now done so. (*Id*., Doc. No. 5.) After careful review of Plaintiff's Amended Complaint, I find it too is deficient and should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted;

or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

As I noted in my prior Order (Doc. No. 4), although the filing of a false disciplinary charge is actionable under § 1983 if done in retaliation, a claim based on the alleged falsity of a disciplinary charge is not by itself actionable. *See, e.g.*, *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989). Like his original Complaint, Plaintiff's Amended Complaint contains no allegation of retaliation. His claim is based solely on the alleged falsity of the theft charge; accordingly, it is not actionable under § 1983. For this reason, Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

3

1. Plaintiff's cause of action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 21st day of June, 2017.

                                                                                          _____
                                                                                          JOE J. VOLPE
                                                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."